# Stern, Appellant, v. Cook Laundry Co.

*Replevin—Automobiles—Bailment lease — Sufficient affidavit of defense.*

In an action of replevin for the recovery of an automobile leased on a bailment lease, an affidavit of defense is sufficient which denies that the plaintiff ever owned the automobile, or that the defendant acquired title through the lease, as set forth in the plaintiff's statement.

*Bailments—Bailors and bailees—Averment of title—Estoppel to dispute title.*

Where one gains possession only by means of, and claims title solely under an instrument he will, as a general rule, be estopped from disputing title with the other party to the contract, during its continuance, but where he has otherwise gained possession, and asserts ownership in himself and neither claims nor defends under, or by virtue of, the instrument, there is no such estoppel.

604    STERN, Appellant, *v.* COOK LAUNDRY CO.

Statement of Facts—Opinion of the Court. [71 Pa. Superior Ct.

Argued Dec. 6, 1918.   Appeal, No. 302, Oct. T., 1918, by plaintiff, from order of C. P. No. 3, Philadelphia Co.; Sept. T., 1918, No. 249, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Milton Stern, trading as Auto Transit Co., v. Cook Laundry Co., incorporated.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Replevin for automobile.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Owen J. Roberts,* and with him *Maxwell Pestcoe,* for appellant, cited : Hollander Brothers Drug Co. v. American Surety Co., 47 Pa. Superior Ct. 403; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; 5 Cyc. 172; Thompson v. Graham, 9 Phila. 53; General Motor Truck Co. v. Philadelphia Paving Co., 248 Pa. 499; First National Bank of Shickshinny v. Tustin, 246 Pa. 151; Crelier v. Mackey, 243 Pa. 363.

*E. W. Kirby,* of *Morris & Kirby,* cited : 6 Corpus Juris 1109; H. K. Porter Co. v. Boyd, 171 Fed. 305; Floyd v. Bovard, 6 W. & S. 75; King v. Richards, 6 Wharton 418; Callahan v. Corson, 65 Pa. Superior Ct. 329; Gordon v. Tea Co., 243 Pa. 330.

OPINION BY HENDERSON, J., April 21, 1919 :

The appellant complains of the refusal of the court to make absolute the rule for judgment for want of a sufficient affidavit of defense.   The action is replevin based on the contract alleged to have been entered into

by the defendant with the plaintiff, according to the terms of which the latter leased, rented and demised to the former a used Buick touring car. The contract is in the form of a lease, providing for specific rentals to be paid at the times stipulated, with the condition that the automobile shall become the property of the lessee when the rents paid shall amount to the sum of $864.55. Denial is made in the affidavit of defense that the plaintiff ever owned the automobile, as alleged in the statement of claim. It is averred on the contrary that the defendant bought the automobile from the Reliable Automobile Company, by which it was delivered to the defendant before the time when the plaintiff claimed to have acquired title thereto, and that the defendant paid to the said Reliable Automobile Company for the said car by way of exchange two trucks, and agreed to pay to the said last-named company $436 in cash as full payment for the Buick car. Denial is also made that the Reliable Automobile Company sold the car to the plaintiff as set forth in the statement of claim. It is thus plainly and definitely alleged that the defendant did not acquire title and possession of the car through the lease set up by the plaintiff, but from an entirely different source, and that the plaintiff did not at the time he alleges he acquired title, have nor has he since had either title or possession of the same. The appellant undertakes to set up an estoppel on the ground that the lease was executed by an authorized agent of the defendant company, and contends that having acquired title in the manner alleged by the plaintiff it is forbidden to assert a hostile title. There would be force in the position thus taken if it were admitted that the lease pleaded by the plaintiff was the means by which the defendant obtained possession of the car, but the allegation of the affidavit is quite the contrary, and we have a case therefore where possession was otherwise gained, and the plaintiff does not claim under or by virtue of the lease. Under such circumstances a bailee is not estopped from asserting

ownership in himself prior to and independent of such a claim. In the cases cited by the appellant, title or possession was acquired through the lease, but the distinction here is that a different source of title and possession is set up.

This is not a case of the assertion of a title hostile to that under which the property came into the possession of the defendant. The principle involved is well expressed in H. K. Porter & Co. v. Boyd, 171 Fed. Rep. 305, decided in the Third Circuit.

It is to be observed too that the affidavit contains an allegation that the signature to the lease was obtained by the plaintiff on the false and fraudulent representation that the plaintiff was acting for the Reliable Automobile Company, whereas the paper was fraudulently obtained to deprive the defendant of its property and the rights with respect thereto which it had with the Reliable Automobile Company. The averment in this respect is not set forth in such detail as might be necessary if the defendant were resisting the enforcement of the contract on which the plaintiff relies. It is however an explanation of the circumstances under which the contract came into existence, and may properly be taken into account in determining the sufficiency of the affidavit. If the statement of the defendant is true, the plaintiff never owned the car in question, never had it in his possession, had no authority to lease it, and therefore is not entitled to recover it in this action. The learned judge of the court below entertained the correct view as to the sufficiency of the affidavit.

The judgment is affirmed.